Filed 3/3/25  P. v. Perez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

      Plaintiff and Respondent,

v.

CHRISTOPHER DANIEL PEREZ,

      Defendant and Appellant.

E083027

(Super.Ct.No. SWF1707851)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Dismissed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Melissa

Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Christopher Daniel Perez filed an appeal from a postjudgment order finding him ineligible for resentencing under Penal Code[1] section 1172.75. He argues the trial court erred in denying him a full resentencing under section 1172.75. Defendant further contends a finding that section 1172.75 does not apply where prison priors were stricken, rather than executed or stayed, violates equal protection. He also claims the court erred in conducting the resentencing hearing in his absence, without a valid waiver.

As we were finalizing the tentative opinion in this appeal, defendant filed a "Notice of Abandonment of Appeal; Request for Dismissal," informing this court that he is abandoning his appeal and asking us to dismiss it. We grant this request and dismiss the appeal.

PROCEDURAL BACKGROUND

A jury convicted defendant of infliction of corporal injury (§ 273.5, subd. (f)(1), counts 1, 5, and 8), rape (§ 261, subd. (a)(2)), dissuading a witness (§ 136.1, subd. (c)(1), count 3), false imprisonment (§ 236, count 4), kidnapping (§ 207, subd. (a), count 6), and assault by means likely to produce great bodily injury (GBI) (§ 245, subd. (a)(4), count 7). {CT 26-28, 77-79} In a bifurcated proceeding, the trial court found true the allegations that defendant had sustained

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

four prior prison enhancements (§ 667.5, subd. (b)), one prior serious felony (§ 667, subd. (a)), and one prior strike conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).  (*People v. Perez* (Dec. 4, 2020, E073399 [nonpub. opn.] (*Perez*).)[2]

On August 9, 2019, the court sentenced defendant to a total of 43 years four months in state prison, which included one-year enhancements for each of his four prior prison terms.[3] {RT 15-17, 18; CT 74-75, 77-79}

Defendant appealed.  This court vacated his sentence and remanded the matter for the trial court to exercise its discretion in resentencing defendant on all counts, with directions for the court to strike the four prison priors, pursuant to Senate Bill No. 136.  (*Perez*, *supra*, E073399.)

On October 6, 2021, upon remand, the court resentenced defendant to a total term of 39 years eight months in state prison and struck the punishment on the four prison priors.[4] {CT 80-82}

---

[2] By order dated April 12, 2024, this court granted defendant's request that we take judicial notice of the unpublished opinion in his prior appeal, *People v. Perez* (Dec. 4, 2020, E073399) [nonpub. opn.] and the record in his related appeal, *People v. Perez*, E078155.  (Evid. Code, §§ 452, subd. (d) and 459.)

[3] We note the court sentenced defendant on three cases at this hearing, including the instant case and superior court case no. RIF1702047. {RT 4} We additionally note there was an apparent discrepancy as to the actual sentence the court imposed in the instant case, which we noted in our prior opinion.  However, since we remanded the matter for a full resentencing, we declared the issue moot. (*Perez*, *supra*, E073399.)

[4] The abstract of judgment lists each of the four prison priors with a "PS" for "punishment struck." {CT 80} We note the abstract reflects that the court imposed five years on a fifth prison prior. {CT 80} The court found true that the allegations that defendant have four prison priors and one prior serious felony conviction (§ 667, subd. (a)); thus, we assume the five years imposed was for the prior serious felony enhancement.

Defendant filed a second appeal, arguing the court erred in failing to provide a new statement of reasons in support of its sentencing choices at the time of resentencing, pursuant to newly amended section 1170, subdivision (b). (*People v. Perez* (July 8, 2022, E078155) [nonpub. opn.].)[5]

The California Department of Corrections and Rehabilitation (CDCR) subsequently identified defendant as an inmate who was serving a sentence that included prison prior enhancements under section 667.5, subdivision (b), which might no longer be valid under section 1172.75.[6]

On December 21, 2023, the court held a resentencing hearing.[7] Defendant was not present but was represented by counsel. The court stated that in a similar case, it determined the defendant was ineligible for a full resentencing under

---

[5] The Supreme Court granted review on this case and recently transferred the matter back to our court, with directions to vacate our decision and reconsider the cause in light of *People v. Lynch* (2024) 16 Cal.5th 730. (*People v. Perez* (Oct. 2, 2024, S275987) [nonpub. opn.].)

Pursuant to the Supreme Court's remand, we considered *People v. Lynch* and reversed defendant's sentence. We directed the trial court, on remand, to "give the People an opportunity to try the truth of any circumstances in aggravation in a bifurcated proceeding pursuant to section 1170. If the People elect not to proceed with a bifurcated trial, or at the conclusion of any such trial, the trial court shall conduct a full resentencing where it will have discretion to reexamine all aspects of defendant's sentence." (*People v. Perez* (Nov. 12, 2024, E078155) [nonpub. opn.].)

[6] By order dated August 19, 2024, this court granted defendant's request that we take judicial notice of the CDCR list dated June 16, 2022. Defendant is listed on page 25 of that document. (See defendant's request for judicial notice filed on July 29, 2024, and attached exhibits.)

[7] We note that the court ruled on defendant's eligibility for relief under section 1172.75 in two of defendant's cases at this hearing — the instant case and superior court case no. RIF1702047.

section 1172.75 because the sentences on the prior prison enhancements were imposed and stayed. The court made the same ruling in this case and ordered the prison priors to be "stricken and removed from the abstract of judgment consistent with what should have happened originally." {RT 25, Aug. RT 19-20}

## DISCUSSION

### The Appeal is Dismissed

In his opening brief, defendant argued the trial court erred in determining he was not entitled to a full resentencing under section 1172.75, subdivision (d). However, he has now abandoned the appeal and requests that we dismiss it. We hereby grant the request and dismiss the appeal. (Cal. Rules of Court, rule 8.316.)

## DISPOSITION

Defendant's appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.


We concur:


McKINSTER _____
     Acting P. J.


RAPHAEL _____
     J.

5